4/1/2022 11:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63181294
By: Patricia Jones
Filed: 4/1/2022 11:46 AM

**2022-19885 / Court: 113**

NO. _____

| | | |
|---|---|---|
| **DANIEL MIRANDA** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **ROSS DRESS FOR LESS, INC.,** | § | |
| Defendant. | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES DANIEL MIRANDA, hereinafter called Plaintiff, complains of and about ROSS DRESS FOR LESS, INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2. Plaintiff, DANIEL MIRANDA, is an individual who resides in Harris County, Texas.

3. Defendant ROSS DRESS FOR LESS, INC., a Foreign Corporation based in California, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, C T Corporation System, at 1999 Bryan

1

**EXHIBIT B**

Street, Suite 900, Dallas, Texas 75201 its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the parties because Defendant, ROSS DRESS FOR LESS, INC., purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5. Plaintiff would show that Defendant, ROSS DRESS FOR LESS, INC., had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

6. Plaintiff would show that Plaintiff's cause of action against Defendant, ROSS DRESS FOR LESS, INC., arose from its continuous and systematic contacts with the State of Texas.

7. This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and Tex. Ins. Code § 1952.110 in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## FACTS

8. On July 7, 2020, Plaintiff, DANIEL MIRANDA was at Ross Dress for Less with his back facing the front of the store, when an employee of Ross Dress for Less, who had shopping carts

**EXHIBIT B**

in his hand, hit Plaintiff with the bar handle of a shopping cart on his lower back while he was fixing the baskets in the store, causing Plaintiff to fall backwards. As a result of this incident, Plaintiff sustained serious personal injuries for which he had to seek the care of medical professionals.

### LIABILITY OF DEFENDANT ROSS DRESS FOR LESS, INC.,

9. At the time and on the occasion in question, Defendant ROSS DRESS FOR LESS, INC., managed, maintained, occupied, controlled, leased, operated, and/or owned ROSS DRESS FOR LESS, INC., located at 5130 Hacienda Drive Dublin, California 94568. In setting up and maintaining the store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    A. In failing to properly train its employees;

    B. In failing to warn others that a dangerous condition existed; and

    C. In creating a hazard to others.

10. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

11. Nothing Plaintiff did or failed to do was a proximate or contributing cause of the

**EXHIBIT B**

incident made the basis of this suit.

## PREMISES LIABILTY

12. Plaintiff DANIEL MIRANDA was an invitee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant, ROSS DRESS FOR LESS, INC., Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the premises, which posed an unreasonable risk or harm to the general public, including Plaintiff, DANIEL MIRANDA, but failed to inspect and make safe or adequately warn him of the condition.

13. In the alternative, Plaintiff would show that he was a licensee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew of an unreasonable dangerous condition existing on the premises, which posed an unreasonable risk of harm to the general public, including Plaintiff DANIEL MIRANDA, but failed to make safe or adequately warn him of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

## PROXIMATE CAUSE

14. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF DANIEL MIRANDA

15. As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff DANIEL MIRANDA was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set

**EXHIBIT B**

forth below:

a. The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

b. The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

c. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of verdict herein;

d. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

e. Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

f. The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

g. Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

h. The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

16. By reason of the above, Plaintiff, DANIEL MIRANDA has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**PRESERVING EVIDENCE**

17. Plaintiff hereby requests and demand that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit

**EXHIBIT B**

or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## NOTICE OF USE

18. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

19. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

20. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for

**EXHIBIT B**

Plaintiff to take Defendant's corporate representative's deposition.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

21.     Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seeks monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiffs is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, DANIEL MIRANDA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By. _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Seve Thomas
Texas Bar No. 24115145
Ariana Mehdipour
Texas Bar No. 24123765
Anita Mehdipour
Texas Bar No. 24126491
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel: (832) 433-7977

**EXHIBIT B**

Fax: (855) HADI-LAW (855-423-4529)
litigation@thehadilawfirm.com
**Attorneys for Plaintiffs**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: April 1, 2022**

<u>**NOTICE TO DEFENDANT:**</u>
**IF YOU HAD AUTO INSURANCE
AT THE TIME OF THIS ACCIDENT, PLEASE
FORWARD THIS DOCUMENT & ANY OTHER DOCUMENTS)
RELATED TO THIS ACCIDENT TO YOUR INSURANCE CARRIER:**

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
P.O BOX 14012
Lexington, KY 40512
Fax: (859) 264-4068
Claim#: 302055962490001**

8

**EXHIBIT B**